Chief Justice Robertson,
delivered the opinion of the court.
Randal Harlow and John Howell leased from Archer Craddock his saw mill, for a term of four years, and covenanted to pay $300 rent, and to make certain enumerated repairs, and also liany other suitable repairs to render the mill beneficial to said Craddock.
Harlow having died, Craddock sued Howell on the covenant, assigning the breaches in the language of the covenant, and alleging, of course, specific breaches of the specific covenants, and a general breach of the general and more comprehensive one, by averring, that the covenantors had not made “any other suitable repairs to render the mill benficial to the said Craddock.”
A demurrer to the declaration having been overruled, the defendant pleaded covenants performed “with leave.”
On the trial on this issue, the circuit court refused to permit the plaintiff to prove a failure to make any Other repairs than those which were specially enumerated and described in the declaration, and the plain-1iff excepted.
The circuit court erred.
The declaration is sufficiently specific to authorize-a recovery of damages for a breach of the compre *295 hensive covenant to make “any suitable repairs," fyc, it was not.necessary to enumerate all the repairs that were suitable. It is sufficient to make, in the language, or according to the legal effect of the a gener-al assignment of a breach of a general covenant, comprehending a,multiplicity of mutter; II Sanders, 41 i. n. 4. Thus this court decided, in the case of Darland vs. Justices of Mercer, (IV Bibb, 523,) that in a suit on a guardian’s bond, a declaration was^good which averred that “the guardian had failed to collect sundry sums of money due said Ward,” without specifying the sums, or stating when or from whom received.
Walkerfor plaintiff.
So Chitty says, “a breach in the words of the covenant for not repairing, without enumerating the particular delapidations, will suffice;” I Chitty’s Pleading, 326.
in this case, it might be difficult to enumerate all the repairs which were suitable; the parties were not able, or did not consider it necessary to specify them individually in their covenant; an enumeration and description of them in the declaration would have rendered it unusually and unnecessarily minute and prolix. The general breach is'sufficiently certain to notify the defendant of the matters complained of, and fo which he was required to respond; and therefore, be' could have no just cause for complaining of surprise, when the plaintiff offered the testimony which was rejected by the court.
Judgment reversed and cause remanded for a new trial.